UNITED STATES *v.* ERIE RAILROAD COMPANY.

SAME *v.* CENTRAL RAILROAD COMPANY OF NEW JERSEY.

SAME *v.* PENNSYLVANIA RAILROAD COMPANY.

APPEALS FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF PENNSYLVANIA.

Nos. 537, 538, 539.   Argued January 5, 1911.—Decided April 3, 1911.

Under the decision of this court in these and other commodities clause cases, 213 U. S. 364, there was no error in the Circuit Court dismissing the bill absolutely, the Government not having asked leave to amend, the stipulation to submit on bill and answer not having been withdrawn, and no violation of the law having been shown on the admitted facts.

Under such circumstances the decree must be affirmed whatever may be its scope and effect as *res judicata* in view of stipulations made in the court below.

THE facts are stated in the opinion.

*Mr. Wade H. Ellis*, Special Assistant to the Attorney General, with whom *The Attorney General* and *Mr. Edwin P. Grosvenor*, Special Assistant to the Attorney General, were on the brief, for the United States.

*Mr. John G. Johnson* for appellees. *Mr. Adelbert Moot* and *Mr. Geo. F. Brownell* submitted a separate brief for the appellee in No. 537.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

These three cases were embraced in the commodities cases previously before this court, and, like the *Lehigh*

*Valley Railroad Company Case,* No. 536, *ante,* p. 257, they are but sequels of the controversy pointed out in the opinion in that case as having been formerly passed upon in the opinion reported in *Sand Filtration Corporation* v. *Cowardin,* 213 U. S. 366. These cases, however, differ from the *Lehigh Valley Case* in this respect. Upon the filing in the Circuit Court of the mandate of this court the United States in each case, upon the same record on which the reversed decree was based, without offering to show any further facts, or withdrawing the stipulation to submit the cause on bill and answer referred to in the opinion in the *Lehigh Valley Case,* moved that the decree to be entered be "that the bill be dismissed without prejudice." This motion was denied, whereupon the court was informed that the Government did not intend to proceed further with the cause, and in each case a decree was entered dismissing the cause absolutely.

The error alleged is in substance that the Circuit Court erred in each case in dismissing the bill of complaint absolutely. But leave to amend was not asked, and as, upon the facts appearing and admitted on each record, no violation of the commodities clause was shown, the decree entered may properly be held to have been in strict "conformity with the opinion of this court." Whatever, therefore, in view of the stipulation made below, may be the scope and effect of the decree as *res judicata,* we see no reason for concluding that error was committed by the Circuit Court in refusing to qualify its decree. The decree in each case is, therefore,

*Affirmed.*